## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MAG-LED, INC. and JESCO LIGHTING GROUP, LLC, | : | **ECF CASE** |
| | : | |
| Plaintiffs, | : | Civil Action No. 2:18-cv-01462-JMA-AKT |
| v. | : | |
| APOGEE LIGHTING GROUP, INC. and FRANK ZARCONE, | : | Joan M. Azrack, U.S.D.J.<br>A. Kathleen Tomlinson, U.S.M.J. |
| | : | |
| Defendants. | : | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | : | |
| APOGEE LIGHTING HOLDINGS, LLC | : | |
| Counterclaimant | : | |
| v. | : | |
| MAG-LED, INC., MAGNI-FLOOD, INC., JESCO LIGHTING GROUP, LLC, and JASON GREENE | : | |
| Counterclaim Defendants | : | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | x | |

## ANSWER, AFFIRMATIVE DEFENSES, AND
## COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT

Defendants Apogee Lighting Group, Inc. ("APOGEE") and Frank Zarcone

("ZARCONE") (collectively "Defendants"), by and through their undersigned counsel, provide

the following answer to Plaintiffs MAG-LED, Inc. ("MAG-LED") and JESCO Lighting, LLC's

("JESCO") (collectively "Plaintiffs") complaint dated March 8, 2018 as follows:

## NATURE OF ACTION

1.      Defendants admit that plaintiffs are seeking injunctive relief, as well as actual

damages and punitive damages against defendants Apogee Lighting Group, Inc. ("APOGEE")

and Frank Zarcone ("ZARCONE") for patent infringement under 35 U.S.C. §271; for violations

of the U.S. Trademark Act ("Lanham Act") 15 U.S.C. §1050 et seq., New York General

Business Law § 360-I, and New York State Common Law; and breach of contract. Defendants

deny that these claims have merit and deny the remaining allegations of paragraph 1 of the complaint.

2.      Defendants admit that ZARCONE is a former employee of JESCO.  Defendants deny the remaining allegations of paragraph 2 of the complaint.

3.      Defendants deny the allegations of paragraph 3 of the complaint.

4.      Defendants deny the allegations of paragraph 4 of the complaint.

5.      Defendants deny the allegations of paragraph 5 of the complaint.

6.      Defendants admit that Plaintiffs seek injunctive relief as well as monetary damages based on the acts alleged in paragraph 6 of the complaint.  Defendants deny that Plaintiffs' claims have merit and that the relief sought is applicable, and deny the remaining allegations of paragraph 6 of the complaint.

## JURISDICTION AND VENUE

7.      Defendants admit that the Court has jurisdiction over this action under 28 U.S.C. §1338(a) and (b). Defendants deny the remaining allegations of paragraph 7 of the complaint.

8.      Defendants admit that venue is proper in this Court under 28 U.S.C. §1391 and 1400(b) and that they reside in Suffolk County.  Defendants deny the remaining allegations of paragraph 8 of the complaint.

## PARTIES

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the complaint and therefore deny them.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the complaint and therefore deny them.

11.     Defendants admit the allegations of paragraph 11 of the complaint.

12.     Defendants deny the allegations of paragraph 12 of the complaint.

13.     Defendants deny the allegations of paragraph 13 of the complaint.

**The Development of the MLedA/C Flex Tape**

14.     Defendants deny the allegations of paragraph 14 of the complaint.

15.     Defendants deny the allegations of paragraph 15 of the complaint.

16.     Defendants deny the allegations of paragraph 16 of the complaint.

17.     There is no paragraph 17 of the complaint.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the complaint and therefore deny them.

19.     There is no paragraph 19 of the complaint.

20.     Defendants admit the allegations of paragraph 20 of the complaint.

21.     Defendants admit that ZARCONE's discussions with JESCO resulted in JESCO placing the first order for an LED flexible tape strip with MAG-LED. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 of the complaint and therefore deny them.

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the complaint and therefore deny them.

23.     Defendants deny the allegations of paragraph 23 of the complaint.

24.     Defendants admit that a provisional patent application listing Jason Greene as an inventor was filed on June 2, 2014. Defendants deny the remaining allegations of paragraph 24 of the complaint.

25.     Defendants deny the allegations of paragraph 25 of the complaint.

26.     Defendants admit the allegations of paragraph 26 of the complaint.

**JESCO CONFIDENTIALITY AGREEMENT WITH ZARCONE**

27.     Defendants admit that ZARCONE executed the agreement attached as Exhibit 4 to the complaint.  Defendants deny the allegations of paragraph 27 of the complaint to the extent they inaccurately construe Exhibit 4.

28.     Defendants deny the allegations of paragraph 28 of the complaint but admit that ZARCONE signed the agreement of Exhibit 4 on July 22, 2014.

29.     Defendants admit that some provisions of the agreement attached as Exhibit 4 to the complaint are reproduced in paragraph 29.  Defendants deny the allegations of paragraph 29 of the complaint to the extent they are incomplete and inaccurately excerpt Exhibit 4.

30.     Defendants admit that some provisions of the agreement attached as Exhibit 4 to the complaint are reproduced in paragraph 30.  Defendants deny the allegations of paragraph 30 of the complaint to the extent they are incomplete and inaccurately excerpt Exhibit 4.

31.     Defendants deny the allegations of paragraph 31 of the complaint

32.     Defendants deny the allegations of paragraph 32 of the complaint.

33.     Defendants deny the allegations of paragraph 33 of the complaint.

34.      Defendants deny the allegations of paragraph 34 of the complaint

35.     Defendants deny the remaining allegations of paragraph 35 of the complaint.

36.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the complaint and therefore deny them.

37.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the complaint and, therefore, deny them.

SECOND  PARAGRAPH  36.   Defendants  are  without  knowledge  or  information sufficient to form a belief as to the truth of the allegations of the second paragraph numbered 36 of the complaint and, therefore, deny them.

38.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the complaint and, therefore, deny them.

39.     Defendants deny the allegations of paragraph 39 of the complaint.

40.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the complaint and therefore deny them.

## The APOGEE Infringing Product

41.     Defendants deny the allegations of paragraph 41 of the complaint.

42.     Defendants deny the allegations of paragraph 42 of the complaint.

43.     Defendants deny the allegations of paragraph 43 of the complaint.

44.     Defendants deny the allegations of paragraph 44 of the complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Patent Infringement)

45.     Defendants incorporate by reference herein and reallege their responses to paragraphs 1-44 of the complaint.

46.     Defendants admit that U.S. Patent No. 9,671,075 ("the '075 patent") was issued on June 6, 2017, that the '075 patent is entitled "Light Strip And Method For Making a Light Strip," that Jason Greene is the named inventor, that the '075 patent issued from an application filed on January 27, 2016, and that the '075 patent relates to the provisional application filed by on June 2, 2014; and that a marked up copy of the '075 patent was attached as Exhibit 2 to the complaint.  Defendants deny the remaining allegations of paragraph 46.

47.     Defendants admit that U.S. Patent No. 9,746,144 ("the '144 patent") was issued on August 29, 2017, that the '144 patent is entitled "Light Strip And Method For Making a Light Strip," that Jason Greene is the named inventor, that the '144 patent issued from an application filed on April 27, 2017, and that the '144 patent relates to the provisional application filed by on

June 2, 2014; and that a marked up copy of the '144 patent was attached as Exhibit 3 to the complaint.  Defendants deny the remaining allegations of paragraph 47.

48.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 and therefore deny them.

49.     Defendants deny the allegations of paragraph 49 of the complaint.

50.     Defendants deny the allegations of paragraph 50 of the complaint.

51.     Defendants deny the allegations of paragraph 51 of the complaint.

52.     Defendants admit that as a result of the filing of the present lawsuit, ZARCONE is aware of the existence of the '075 and '144 patents.  Defendants deny the remaining allegations of paragraph 52 of the complaint.

53.     Defendants deny the allegations of paragraph 53 of the complaint.

54.     Defendants deny the allegations of paragraph 54 of the complaint.

55.     Defendants deny the allegations of paragraph 55 of the complaint.

### AS AND FOR A SECOND CAUSE OF ACTION

**(Trademark Infringement, False Advertising and Unfair Competition in Violation of Section 43(a) of The Lanham Act, 15 U.S.C. § 1125(a))**

56.     Defendants incorporate by reference herein and reallege their responses to paragraphs 1-55 of the complaint.

57.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the complaint and, therefore, deny them.

58.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the complaint and, therefore, deny them.

59.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the complaint and, therefore, deny them.

60.     Defendants deny the allegations of paragraph 60 of the complaint.

61.     Defendants deny the allegations of paragraph 61 of the complaint.

62.     Defendants admit that there is no federal trademark registration for the Solara Flex System product and that a US patent has not yet been obtained on such product.  Defendants deny the remaining of paragraph 62 of the complaint.

63.     Defendants deny the allegations of paragraph 63 of the complaint.

64.     Defendants deny the allegations of paragraph 64 of the complaint.

65.     Defendants deny the allegations of paragraph 65 of the complaint.

66.     Defendants deny the allegations of paragraph 66 of the complaint.

67.     Defendants deny the allegations of paragraph 67 of the complaint.

68.     Defendants deny the allegations of paragraph 68 of the complaint.

## AS AND FOR A THIRD CAUSE OF ACTION
### (New York General Business Law §360-1)

69.     Defendants incorporate by reference herein and reallege their responses to paragraphs 1-68 of the complaint.

70.     Defendants deny the allegations of paragraph 70 of the complaint.

71.     Defendants deny the allegations of paragraph 71 of the complaint.

72.     Defendants deny the allegations of paragraph 72 of the complaint.

73.     Defendants deny the allegations of paragraph 73 of the complaint.

## AS AND FOR A THIRD CAUSE OF ACTION
### (New York General Business Law §360-1)

74.     Defendants incorporate by reference herein and reallege their responses to paragraphs 1-73 of the complaint.

75.     Defendants deny the allegations of paragraph 75 of the complaint.

76.     Defendants deny the allegations of paragraph 76 of the complaint.

77.     Defendants deny the allegations of paragraph 77 of the complaint.

78.     Defendants deny the allegations of paragraph 78 of the complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION

### (Breach of Contract By Defendant ZARCONE)

79.     Defendants incorporate by reference herein and reallege their responses to paragraphs 1-78 of the complaint.

80.     Defendants admit that ZARCONE executed the agreement attached as Exhibit 4 to the complaint.  Defendants deny the remaining allegations of paragraph 80 of the complaint.

81.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 and, therefore, deny them.

82.     Defendants deny the allegations of paragraph 82 of the complaint.

83.     Defendants deny the allegations of paragraph 83 of the complaint.

84.     Defendants deny the allegations of paragraph 84 of the complaint.

## AFFIRMATIVE DEFENSES

Defendants hereby assert the following affirmative defenses and reserve the right to assert additional defenses, as warranted by facts learned through investigation and discovery.

### FIRST AFFIRMATIVE DEFENSE
### (Lack Of Standing/Subject Matter Jurisdiction)

1.     On information and belief, Plaintiffs do not own all right, title, and interest in the '075 patent, and thus do not have standing to assert infringement of the '075 patent in this action as Jason Greene is not the proper inventor.  The Court therefore lacks subject matter jurisdiction over the allegations raised in Plaintiffs' complaint with respect to the patent claims.

2.     On information and belief, Plaintiffs do not own all right, title, and interest in the '144 patent, and thus do not have standing to assert infringement of the '144 patent in this action

as Jason Greene is not the proper inventor.  The Court therefore lacks subject matter jurisdiction over the allegations raised in Plaintiffs' complaint with respect to the patent claims.

## SECOND AFFIRMATIVE DEFENSE
### (Failure To State A Claim Upon Which Relief May Be Granted)

3.     The complaint fails to state a claim upon which relief can be granted against Apogee Lighting Group, Inc.

4.     The complaint fails to state a claim upon which relief can be granted against Frank Zarcone.

## THIRD AFFIRMATIVE DEFENSE
### (Noninfringement)

5.     Defendants have not infringed and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '075 Patent.

6.     Defendants have not infringed and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '144 Patent.

## FOURTH AFFIRMATIVE DEFENSE
### (Ownership/License)

7.     The patent applications from which '075 patent and '144 patent arose, and the claims within the '075 patent and the '144 patent, include material provided by Frank Zarcone. Additionally, Frank Zarcone was promised a 25% ownership interest in MAG-LED.  Thus, Frank Zarcone has ownership/license rights in the '075 patent and the '144 patent.

## FIFTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

8.     Plaintiffs are estopped under the doctrine of prosecution history estoppel from asserting a scope of one or more claims of the '075 patent that would encompass the accused products and/or usage thereof, by virtue of amendments, arguments, and/or other proceedings in

the United States Patent and Trademark Office ("PTO") in connection with the prosecution, of the '075 Patent and/or related patents and applications.

9.      Plaintiffs are estopped under the doctrine of prosecution history estoppel from asserting a scope of one or more claims of the '144 patent that would encompass the accused products and/or usage thereof, by virtue of amendments, arguments, and/or other proceedings in the PTO in connection with the prosecution, of the '144 Patent and/or related patents and applications.

## SIXTH AFFIRMATIVE DEFENSE
### (Invalidity)

10.     One or more of the claims of the '075 patent are invalid for failure to comply with one or more provisions of the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*., including, but not limited to, 35 U.S.C. §§ 102, 103, 112, and 115, and any other applicable statute or doctrine.

11.     One or more of the claims of the '144 patent are invalid for failure to comply with one or more provisions of the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*., including, but not limited to, 35 U.S.C. §§ 102, 103, 112, and 115, and any other applicable statute or doctrine.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure To Mark Or Provide Notice Of Infringement)

12.     Plaintiffs' claim for damages is limited, in whole or in part, under 35 U.S.C. § 287 by virtue of: (a) the failure of Plaintiffs, to mark articles made by or for them or sold by or for them with an appropriate reference to the '075 patent and '144 patent; and (b) Plaintiffs' failure to provide notice of infringement of the '075 patent and '144 patent to Defendants prior to filing the present action for infringement.

## EIGHTH AFFIRMATIVE DEFENSE
### (Inequitable Conduct)

13.      The '075 patent and the '144 patent are unenforceable by virtue of inequitable conduct, for the reasons set forth in the third counterclaim below, the allegations of which are incorporated by reference herein.

## NINTH AFFIRMATIVE DEFENSE
### (Trademark Invalidity)

14.      MAG-LED's trademarks are invalid because they are neither federally registered, nor properly used as trademarks under common law.

## TENTH AFFIRMATIVE DEFENSE
### (Contract Between ZARCONE and JESCO is Unconscionable)

15.      The Confidentiality Agreement between JESCO and ZARCONE signed by ZARCONE on July 22, 2014 is unenforceable and unconscionable because it is being applied to bar disclosure of publicly known information and contains an overly broad and unconscionable indemnification provision.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Contract Between ZARCONE and JESCO is Invalid Due to Fraud in the Inducement)

16.      The Confidentiality Agreement between JESCO and ZARCONE signed by ZARCONE on July 22, 2014 is invalid due to fraud in the inducement as JESCO misled ZARCONE regarding the scope of what the agreement covers.

## TWELFTH AFFIRMATIVE DEFENSE
### (Contract Between ZARCONE and JESCO is Invalid Due to Indefiniteness)

17.      The Confidentiality Agreement between JESCO and ZARCONE signed by ZARCONE on July 22, 2014 is invalid due to indefiniteness due to lack of clarity regarding the scope of what is confidential information, especially in light of how it is being applied by Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (laches, estoppel, waiver, and/or acquiescence)

18.     Plaintiffs' claims are barred by the doctrine of laches, estoppel, waiver, and/or acquiescence.

## COUNTERCLAIMS

Counterclaimant Apogee Lighting Holdings, LLC ("ALH"), by its undersigned attorneys, hereby asserts the following counterclaims against MAG-LED, Inc. ("MAG-LED"), MAGNI-FLOOD, Inc. ("MAGNIFLOOD"), JESCO Lighting Group, LLC ("JESCO"), and Jason Greene ("GREENE") (collectively, "Counterclaim Defendants").

## PARTIES

19.     Counterclaimant ALH is a Delaware limited liability company having a place of business located at 593 Acorn Street, Deer Park NY 11729.

20.     On information and belief, Counterclaim Defendant MAG-LED is a New York corporation having a place of business located at 7200 New Horizons Blvd., Amityville, NY 11701.

21.     On information and belief, Counterclaim Defendant MAGNIFLOOD is a New York Corporation having a place of business located at 7200 New Horizons Blvd. North Amityville, NY 11701.

22.     On information and belief, Counterclaim Defendant JESCO is a Delaware Limited Liability Company having its headquarters at 66-25 Traffic Ave., Glendale, NY 11385.

23.     Upon information and belief, Counterclaim Defendant GREENE is a New York Resident who resides at 24 Anchor Drive, Massapequa, New York 11758

## JURISDICTION AND VENUE

24.     This is an action for declaratory judgment of patent non-infringement, invalidity and unenforceability arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, as well as the patent laws of the United States, 35 U.S.C. §§ 1 et seq.

25.     If this Court determines it has subject matter jurisdiction over the claims in Plaintiffs' complaint, it will also have subject matter jurisdiction over the counterclaims asserted herein under 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202.

26.     On March 8, 2018, Plaintiffs filed in this Court an complaint for patent infringement alleging, *inter alia*, that Defendants infringe claims of the '075 and the '144 patents.  By filing its complaint, Plaintiffs have consented to the personal jurisdiction of this Court.

27.     Venue for these counterclaims is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

28.     As Plaintiffs have sued Counterclaimant's predecessor for alleged infringement of one or more claims of the '075 patent and '144 patent in the present action, there is an actual, continuing, and justiciable controversy between Plaintiffs and Counterclaimant concerning the alleged validity and infringement of the '075 and '144 patents.

### FIRST COUNTERCLAIM
### (Declaratory Judgment Of Noninfringement)

29.     Counterclaimant incorporates by reference herein and realleges the previous paragraphs as though set forth fully herein.

30.     Counterclaimant has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '075 and '144 patents.

31.     Pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, Counterclaimant is entitled to a declaratory judgment that it does not infringe, and has not infringed, any claim of the '075 and '144 patents.

### SECOND COUNTERCLAIM
### (Declaratory Judgment Of Invalidity)

32.     Counterclaimant incorporates by reference herein and realleges the previous paragraphs as though set forth fully herein.

33.     The claims of the '075 and '144 patents are invalid for failure to comply with one or more provisions of the patent laws of the United States, 35 U.S.C. §§ 1 et seq., including, but not limited to, 35 U.S.C. §§ 102, 103, 112, and 115, and/or any other applicable statute or doctrine.

34.     Pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, Counterclaimant is entitled to a declaratory judgment that the claims of the '075 and '144 patents are invalid.

### THIRD COUNTERCLAIM
### (Unenforceability Due to Inequitable Conduct)

35.     Counterclaimant incorporates by reference herein and realleges the previous paragraphs as though set forth fully herein.

36.     Counterclaimants Defendants MAG-LED and GREENE are liable for inequitable conduct based on GREENE's acts of:  (1) egregious misconduct through his intentional and false assertion that he is the inventor of the claims filed in connection with the prosecution of the '075 and '144 patents; and (2) intentional omission of material prior art coupled with his deliberate decision to withhold it during prosecution of the application that matured into the '075 and '144 patents.  The facts in support of these allegations of inequitable conduct are set forth in detail below.

**Background Facts**

37.     The '075 patent issued from U.S. Patent Application No. 15/007,316 ("the '316 Application"), which was filed on January 27, 2016.

38.     The '316 Application is a continuation application of U.S. Patent Application No. 14/726,764 ("the '764 Application"), which was filed on June 1, 2015.

39.     The '144 patent issued from U.S. Patent Application No. 15/499,474 ("The '474 Application"), which was filed on April 27, 2017.

40.     The '474 Application is a continuation of the '316 Application and the '764 Application.

41.     GREENE did not conceive of the alleged invention as claimed upon filing of the '764 Application, '316 Application, or '474 Application, which matured into the '075 and '144 patents.

42.     GREENE fraudulently executed declarations stating that he was the inventor of the application as claimed in the '764 Application, '316 Application, and '474 Application with specific intent to deceive the PTO and thus committed egregious misconduct through such fraudulent acts.

43.     Defendant ZARCONE was employed by World Peace Group ("WPG"), a Chinese company, between 2007-2009.  He became the northeast sales representative for light emitting diode ("LED") products during that time.

44.     ZARCONE met Counterclaim Defendant GREENE while employed at WPG.  At that time, GREENE worked for MAGNIFLOOD, the sister company of Counterclaim Defendant MAG-LED, which, upon information and belief, was later formed in 2014.

45.     GREENE was a Vice-President at MAGNIFLOOD at that time.  MAGNIFLOOD was owned by GREENE's father, Kenneth Greene.

46.     MAGNIFLOOD was WPG's customer between 2007-2009.  It purchased discrete LEDs and LED drivers from WPG.  ZARCONE was the sales representative who serviced and sold products to MAGNIFLOOD.

47.     In 2009, ZARCONE left WPG's employment and began to work for Seoul Semiconductor Company, a Korean company, in 2009.  His position at Seoul Semiconductor was Northeast Technical Sales Manager.  Due to his relationship with GREENE, he sold discrete LEDs on behalf of Seoul Semiconductor to MAGNIFLOOD in 2009.  ZARCONE also sold Acriche LED modules to MAGNIFLOOD through his relationship with GREENE between 2009-2010.

48.     GREENE advised ZARCONE that MAGNIFLOOD wanted to build its own LED modules.  ZARCONE then introduced high-level Seoul Semiconductor executives, including Brian Wilcox, Theron Makley, and Marc Paliotti, to GREENE in 2010 so that Seoul Semiconductor could sell Acriche kits including integrated circuits and multiple LED modules that operate directly from alternating current ("AC") to GREENE for use by MAGNIFLOOD.  Upon information and belief, Counterclaim Defendant MAG-LED did not exist at that time.

49.     ZARCONE terminated his employment with Seoul Semiconductor in 2011 and began working with Toyota Tsusho, a Japanese company, as a consultant.  In this role, ZARCONE formed a consulting company called Aperion Innovation Corp. ("Aperion"), which was retained as a consultant by Toyota Tsusho in 2011.

50.     ZARCONE and GREENE had a personal and a professional relationship in 2011, which carried over from their relationship, which began when ZARCONE was employed by WPG in 2008.

51.     ZARCONE then introduced and brought GREENE into Toyota Tsusho as a consultant to assist in the development of certain products.  One such product was a line voltage LED tape product such as the product at issue in the present action.

52.     JESCO was Toyota's customer in 2011.  JESCO was a retailer of a DC flexible LED lighting tape product ("JESCO's Product") at that time.

53.     JESCO's Product has some shortcomings and a principal at JESCO, Richard Kurtz, discussed them with ZARCONE.  Among the shortcomings was a relatively short run length and large number of voltage feeds.

54.     Richard Kurtz requested that ZARCONE work on improvements to JESCO's Product.

55.     In order to improve upon JESCO's Product, ZARCONE proposed changing it to a resistor based AC-line tape product.  ZARCONE found a prior art product AC flexible lighting tape product in 2011 available in China through a company called Shenzen Better Technology, Ltd.  ZARCONE proceeded to purchase that product using his own PayPal account.  A copy of a photograph of such product is attached hereto as Exhibit A and referred to hereinafter as the Shenzen Better Technology Product.

56.     ZARCONE demonstrated the Shenzen Better Technology Product to GREENE, JESCO and MAGNIFLOOD, and suggested further improvements to such product.

57.     JESCO embraced the concept of an AC flexible lighting tape product proposed by ZARCONE.  Based on ZARCONE's suggestions and his further discussions and disclosures to

GREENE, ZARCONE through his consulting company, Aperion, and Toyota Tsusho set out to create a further improved AC flexible tape LED lighting product for JESCO's use.

58.     ZARCONE advised JESCO that Toyota Tsusho would need a purchase order of at least $400,000 to pursue the development of the subject AC flexible LED lighting tape product.

59.     JESCO passed on the idea as it was not willing to invest $400,000 into the proposed improved product.

60.     In its quest to improve and further commercialize the Shenzen Better Technology Product, Toyota Tsusho accepted ZARCONE's recommendation to retain MAGNIFLOOD as another consultant.  Toyota Tsusho's proposal was to pay MAGNIFLOOD a royalty based on sales in the United States of AC flexible lighting tape products to be manufactured and directly sold by MAGNIFLOOD.

61.     As discussed herein, the idea to improve upon JESCO's DC flexible tape product through the implementation of an AC flexible LED lighting tape product was initiated by ZARCONE and proposed to GREENE, MAGNIFLOOD, MAG-LED (when formed) and others as discussed herein.

62.     Following JESCO's decision to pass on the requested minimum $400,000 purchase order related to the subject AC lighting tape product, ZARCONE discussed with an executive at Toyota Tsusho, Mike Handerhan, that they would need to obtain a new customer in the subject product.  Mr. Handerhand then introduced ZARCONE to Generation Brands LLC, a large lighting company and customer of Toyota Tsusho.

63.     In 2012, ZARCONE along with Mike Handerhan, Kelly Milane, and assisted by GREENE, proposed sales of an improved AC flexible lighting tape product to Generation Brands.

64.     Generation Brands executive, Jim Ungaro, advised that Generation Brands was interested but needed a working sample of the subject AC flexible lighting tape product. Generation Brands also requested exclusive sales rights to the product.

65.     After learning of the AC flexible lighting tape product through ZARCONE and working closely with ZARCONE on the proposal, GREENE sent an email to Richard Kurtz of JESCO advising that Generation Brands requested an exclusive and stating that the product could not be offered to JESCO.

66.     In 2013, Toyota Tsusho closed its lighting business.  Generation Brands was disappointed with Toyota Tsusho's decision and no longer wanted to do business with it or other involved parties.

67.     ZARCONE and GREENE then discussed forming a business together to market and sell the subject AC flexible lighting tape product.  To that end, MAGNIFLOOD agreed to provide monthly payments to Aperion (ZARCONE's consulting company) to work on various products including the subject AC flexible lighting tape product.

68.     MAGNIFLOOD's principal, Kenneth Greene, along with Counterclaim Defendant GREENE advised ZARCONE that they would form Counterclaim Defendant MAG-LED as a corporation.  They further advised that ownership of the corporation would be equally shared among four principals – Kenneth Greene, Counterclaim Defendant GREENE, ZARCONE, and Greg Hodges, such that each of them would obtain a 25% ownership interest.

69.     Kenneth Greene and Counterclaim Defendant GREENE made a decision to eliminate Greg Hodges from MAG-LED such that the only remaining purported owners of MAG-LED would be Kenneth Greene, Counterclaim Defendant GREENE, and ZARCONE. ZARCONE was advised by Counterclaim Defendant GREENE and Kenneth Greene that the

business would continue in the short term under MAGNIFLOOD and would then move into MAG-LED.

70.     ZARCONE and GREENE continued to work on the subject AC flexible lighting tape product.  Through primarily ZARCONE's efforts, they created a working prototype. JESCO then again became interested in the prototype and agreed in April of 2014 to provide a $400,000 purchase order.  At that time, ZARCONE was selling various products for Counterclaim Defendants MAG-LED and MAGNIFLOOD.  Many of those products were modular LED lighting products.  However, ZARCONE was never provided the 25% ownership interest in MAG-LED as promised.

71.     ZARCONE later terminated his employment with MAGNIFLOOD in 2014.  He was subsequently hired by JESCO on July 22, 2014.

72.     Upon information and belief, Kenneth Greene instructed Richard Kurtz of JESCO to fire ZARCONE.  To preserve the relationship between JESCO and MAGNIFLOOD, upon information and belief, Mr. Kurtz advised Kenneth Greene that ZARCONE would no longer work on any products that involved MAGNIFLOOD and MAG-LED including the subject AC flexible lighting tape product.

73.     ZARCONE terminated his employment at JESCO in early 2015.

74.     GREENE was made aware of ZARCONE's contributions to the subject AC flexible lighting tape product and the existence of the prior art Shenzen Better Technology Product.

75.     However, during the prosecution of the foregoing applications that matured into the '075 and '144 patents, GREENE intentionally withheld disclosure of the Shenzen Better Technology Product (Exhibit A) from the United States Patent and Trademark Office.  GREENE

was aware that such prior art product was material.  GREENE acted with specific intent to deceive the PTO through his deliberate withholding of material prior art.

76.     GREENE was aware that the Shenzen Better Technology Product anticipated all claims in the '316 Application as filed.  GREENE was also aware that such prior art was closely related to and anticipated the claims prosecuted in connection with '075 and '144 patents.  The Shenzen Better Technology Product is thus material under at least 37 C.F.R §§1.56(a)(2), (b)(1), and (b)(2).

77.     GREENE's intentional misrepresentation and false allegations of inventorship through his execution of declarations in connection with the prosecution of the '075 and '144 patents violate 35 U.S.C. §115 and constitute acts of egregious misconduct.

78.     The foregoing acts by GREENE render the '075 and '144 patents unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimants respectfully request the following relief:

A.      dismissal of the complaint with prejudice;

B.      a declaration that no claim of the '075 and '144 patents was infringed, or is infringed, by Counterclaimant;

C.      a declaration that each of the claims of the '075 and '144 patents is invalid;

D.      a declaration that the '075 and '144 patents are unenforceable due to inequitable conduct;

E.      a declaration that this case is "exceptional" as that term is used in 35 U.S.C. § 285;

F.      an award to Counterclaimant of its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285 and/or other applicable law; and

G.      such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Counterclaimants hereby demand a trial by a jury on all issues so triable.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td></td><td>LERNER, DAVID, LITTENBERG,<br>  KRUMHOLZ & MENTLIK, LLP<br>*Attorneys for Defendants and<br>Counterclaimants Apogee Lighting<br>Holdings, LLC. and Frank Zarcone*</td></tr>
<tr><td>Dated: _____May 21, 2018_____</td><td>By:_ s/ Gregory S. Gewirtz_____<br>    Gregory S. Gewirtz<br>    Alexander Solo<br>    Tel:    908.654.5000<br>    E-mail: ggewirtz@lernerdavid.com<br>           asolo@lernerdavid.com<br>           aalitigation@lernerdavid.com</td></tr>
</table>