FILED
CLERK

3/14/2019 4:37 pm
For Online Publication Only
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MAG-LED, Inc., and Jesco Lighting Group, LLC,

                            Plaintiffs,

    -against-

Apogee Lighting Group, Inc., and Frank Zarcone,

                            Defendant.
-----------------------------------------------------------------X

**ORDER**
18-CV-1462 (JMA)(AKT)

**JOAN M. AZRACK, District Judge:**

       Plaintiffs have filed a motion to amend concerning a Proposed Second Amended Complaint ("PSAC"). (ECF No. 44.) As explained below, that motion is granted in part and denied in part.

       Defendants only oppose Plaintiffs' attempts to name Apogee Lighting, Inc. and Apogee Lighting Group, Inc. as defendants in the PSAC. Accordingly, the unopposed portion of Plaintiffs' motion to amend is granted. As to the challenged portion of Plaintiffs' motion to amend, the Court denies the motion to amend as to Apogee Lighting, Inc. and grants the motion to amend as to Apogee Lighting Group, Inc.

       In determining whether Plaintiffs should be permitted to amend the complaint and whether such an amendment would be futile, the Court will not consider the declaration of Richard Nicolai submitted by Defendants. Nevertheless, even without that declaration, the Court concludes that plaintiff's motion to amend as to Apogee Lighting, Inc. should be denied.

       The PSAC fails to plausibly allege that Apogee Lighting, Inc. is an actual entity. Moreover, Plaintiffs have not plausibly alleged any claims against such an entity. A number of points weigh against Plaintiffs' motion to amend as to Apogee Lighting, Inc. First, although the

1

PSAC lists the states of incorporation for various corporate defendants, the PSAC alleges, in conclusory fashion, that Apogee Lighting, Inc. is a "registered foreign corporation authorized to conduct business in the state of New York." (PSAC ¶ 12.e.) This allegation, which does not identify where Apogee, Lighting, Inc. is incorporated, fails to plausibly allege a claim. Second, public records—specifically, the New York Department of State's Corporation and Business Entity Database—contain no reference to Apogee Lighting, Inc. being "authorized to conduct business in the state of New York."[1] Third, although Plaintiffs provided the Court with various documents in support of their motion to amend (including screen shots from the New York Department of State's database concerning other entities), Plaintiffs did not provide any records indicating that an entity named Apogee Lighting, Inc. is incorporated in any jurisdiction or authorized to conduct business in New York. Fourth, in their motion papers, Plaintiffs relied on the fact that, in an action in the Southern District of New York, Apogee Lighting, Inc. was sued as a defendant. (See Modern Empire Inc. v. Apogee Lighting Group, Inc. et al., 18-cv-04472-NSR-PED (S.D.N.Y.).) However, after the instant motion to amend was briefed, Apogee Lighting, Inc. was voluntarily dismissed from Southern District action before filing an answer. Accordingly, the Court denies Plaintiffs' motion to amend the complaint to add Apogee Lighting, Inc. as a defendant.[2]

With respect to Apogee Lighting Group, Inc., the Court grants Plaintiffs' motion to amend the complaint. As an initial matter, Defendants' contention that the inclusion of Apogee Lighting

---

[1] See https://appext20.dos.ny.gov/corp_public/CORPSEARCH.ENTITY_SEARCH_ENTRY (last visited on March 14, 2019.)

[2] Plaintiffs' reply papers indicate that they seek to name Apogee Lighting, Inc. as either a "corporate entity or a D/B/A." (Pls.' Reply at 3.) The PSAC, however, does not identify Apogee Lighting, Inc. as a "D/B/A." Moreover, Plaintiffs do not identify what purpose it would serve adding Apogee Lighting, Inc. solely as the D/B/A of another entity.

Group, Inc. "would create issues with service of process and would lead to inevitable motions to dismiss," (Defs.' Opp. at 1), is not persuasive given the procedural history of this case. Although Defendants oppose the inclusion of Apogee Lighting Group, Inc. in the PSAC, Plaintiffs' first two complaints already named Apogee Lighting Group, Inc. as a defendant and, on May 21, 2018, defendants Apogee Lighting Group, Inc. and Frank Zarcone filed an Answer. (ECF No. 19.) Additionally, there are contradictory public records concerning the current status of Apogee Lighting Group, Inc. In light of the above, the Court grants Plaintiffs' motion to amend and permits the inclusion of Apogee Lighting Group, Inc. as a defendant in the PSAC. Although the Court is permitting the filing of the PSAC as to Apogee Lighting, Group, Inc., the Court reminds Plaintiffs of the obligations under Federal Rule of Civil Procedure 11.

In conclusion, Plaintiffs' motion to amend is granted in part and denied as set forth above. Plaintiffs are directed to file and serve the PSAC within 14 days.

**SO ORDERED**.

Dated: March 14, 2019
Central Islip, New York

_____/s/ (JMA)_____
Joan M. Azrack
United States District Judge